ROGERS, Justice.
 

 Plaintiff sued her husband for a separation from bed and board and obtained a judgment condemning him to pay her $40 a month as alimony pendente lite. Defendant has appealed from the judgment. Plaintiff has answered the appeal and asked that her alimony be increased to $100 a month.
 

 Defendant’s complaint that the alimony awarded is excessive is not well founded. The evidence shows that defendant is a practicing physician in the city of New Orleans. His gross earnings from his profession are in excess of $200 a month. He also enjoys an income from certain real estate which has a monthly rental value of $184. He lives with his aged and dependent mother in an apartment in a building containing two apartments, which he owns.
 

 ■ In estimating defendant’s net income, due allowance must be made for the expenses incident to the practice of his profession and the usual charges against his real estate holdings, together with a liability of $40 a month on a mortgage held by a building and loan association. When this is done, however, we find that he is well able to pay his wife alimony at the rate of $40 a month. In fact, for a number of months he.paid his wife $10 a week; the last payment being made on December 29, 1934. Plaintiff’s suit for a separation and rule for alimony were filed on May 16, 1935.
 

 Taking up plaintiff’s plea for an increase of alimony, we find from the evidence that the parties litigant have lived separate and apart since their marriage, which took place on April 19, 1933. Defendant has always resided with his mother, and plaintiff has always resided with members of her family. It does not appear that plaintiff contributes to the expenses of the household in which she lives. Apparently she receives her room and board in return for her services as housekeeper for the other members of her family.
 

 Until December 29, 1934, when the payments ceased, plaintiff without complaint accepted from defendant $10 a week for her support. From which we think it may be fairly inferred that $40 a month is sufficient for plaintiff’s maintenance during the pendency of her suit.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 FOURNET, J., takes no. part